# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KAITLYN FALANDYSZ,

     Plaintiff,

     v.

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

     Defendant.

CIVIL ACTION NO. 3:20-cv-02306

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

In this matter, the plaintiff, Kaitlyn Falandysz, seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She has been automatically substituted in place of the original defendant, Andrew Saul. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). The caption in this case is amended to reflect this change.

## I.   BACKGROUND

On March 7, 2018, Falandysz protectively filed a claim for disability insurance benefits, asserting a disability onset date of July 19, 2017. The claim was initially denied by state agency reviewers on April 24, 2018. The plaintiff then requested an administrative hearing.

A hearing was subsequently held on January 7, 2020, before an administrative law judge, Timothy Wing (the "ALJ"). In addition to the plaintiff herself, the ALJ received testimony from an impartial vocational expert, Gerald W. Keating. The plaintiff was represented by counsel at the hearing.

On March 9, 2020, the ALJ denied Falandysz's application for benefits in a written decision. The ALJ followed the familiar five-step sequential evaluation process in determining that Falandysz was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). At step one, the ALJ found that Falandysz had not engaged in substantial gainful activity since July 19, 2017, her alleged disability onset date. At step two, the ALJ found that Falandysz had the severe impairments of: obesity; chronic tension

headaches/migraines with analgesic rebound/medication-overuse ©
(explaining functional limitation rating process for mental impairments);
headaches; bipolar disorder; major depressive disorder; panic disorder;
anxiety disorder; and attention deficit hyperactivity disorder.

At step three, the ALJ found that Falandysz did not have an
impairment or combination of impairments that meets or medically
equals the severity of an impairment listed in 20 C.F.R. Part 404,
Subpart P, Appendix 1.  In doing so, the ALJ considered Falandysz's
limitations in four broad functional area as a result of her mental
disorders, finding moderate limitations in all four functional areas— (1)
understanding, remembering, or applying information, (2) interacting
with others, (3) concentrating, persisting, or maintaining pace, and (4)
adapting or managing oneself.  *See generally* 20 C.F.R. § 404.1520a(c)
(explaining functional limitation rating process for mental impairments);
20 C.F.R. pt. 404 subpt. P app. 1, § 12.00(E) (explaining the four areas of
mental functioning); *id.* § 12.00 (F) (explaining process for using
paragraph B criteria to evaluate mental impairments).

Between steps three and four of the sequential evaluation process,
the ALJ assessed Falandysz's residual functional capacity ("RFC").  *See*

*generally id.* at 534 n.4 (defining RFC). After evaluating the relevant evidence of record, the ALJ found that Falandysz had the RFC to perform "a full range of work at all exertional levels" as defined in 20 C.F.R. § 404.1567, with the following non-exertional limitations:

> [T]he claimant must avoid frequent concentrated exposure to fumes, odors, dusts, gases, chemical irritants, environments with poor ventilation, temperature extremes, excessive noise, excessive vibration, and extreme dampness and humidity. The claimant is limited to occupations which do not require frequent exposure to dangerous machinery and unprotected heights. The claimant is limited to occupations requiring no more than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes. The claimant is limited to occupations which require no more than occasional interaction with supervisors, coworkers, and members of the general public.

(Tr. 17-18).

In making these factual findings regarding Falandysz's RFC, the ALJ considered her symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence of record. *See generally* 20 C.F.R. § 404.1529; Soc. Sec. Ruling 16-3p, 2017 WL 5180304 (revised Oct. 25, 2017). The ALJ also considered and articulated how persuasive she found the medical

opinions and prior administrative medical findings of record. *See generally* 20 C.F.R. § 404.1520c.

At step four, based on this RFC and on testimony by the vocational expert, the ALJ concluded that Falandysz was unable to perform her past relevant work as actually and generally performed.

At step five, the ALJ concluded that Falandysz was capable of performing other work that exists in significant numbers in the national economy. Based on her age, education, work experience, and RFC, and based on testimony by the vocational expert, the ALJ concluded that Falandysz was capable of performing the requirements of representative occupations such as mail sorter, DOT # 209.687-026, hand-packer, DOT # 920.587-018, or sorter, DOT # 529.687-186. Based on this finding, the ALJ concluded that Falandysz was not disabled for Social Security purposes.

The plaintiff sought further administrative review of her claims by the Appeals Council, but her request was denied on October 1, 2020, making the ALJ's March 2020 decision the final decision of the Commissioner subject to judicial review by this court.

Falandysz timely filed her complaint in this court on December 9,

2020. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II.   DISCUSSION

Under the Social Security Act, the question before this Court is not whether Falandysz is disabled, but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See generally* 42 U.S.C. § 405(g)(sentence five); *Myers*, 373 F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits and supplemental security income administrative decisions).

Falandysz asserts on appeal that the ALJ's decision is not supported by substantial evidence because:  (1) the ALJ erred at step three in finding that she did not have an impairment or combination of impairments that met the "B paragraph" criteria at Listed Impairments 12.04, concerning depression and bipolar disorders, and 12.06, concerning anxiety disorders because he failed to afford "controlling weight" to the opinions of her treating psychiatrist; and (2) the ALJ erred

- 6 -

in determining her RFC because he failed to fully credit her subjective statements regarding the functionally limiting effects of her symptoms.[2]

The plaintiff contends that the ALJ's determination that she did not meet the paragraph B criteria of listings 12.04 and 12.06 was not supported by substantial evidence because the ALJ erred in failing to consider the findings and opinions of her treating psychiatrist or to afford these opinions "controlling weight," relying instead on the opinions of a non-examining state agency psychological consultant. As a preface, we note the well-established principle that, in evaluating the medical opinion evidence of record, an "ALJ is not only entitled, but required to choose between" conflicting medical opinions. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [an ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). Moreover, "[i]n the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'"

---

[2] The plaintiff frames this as an error at step five, but her arguments are solely focused on the ALJ's RFC determination upon which that step-five determination rested.

*Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Ultimately, to reverse the ALJ's findings and decision, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Immigration & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see also Smith v. Chater*, 99 F.3d 780, 782 & N.3 (6th Cir. 1996) (citing *Elias-Zacarias* in the context of social security disability benefits); *Hert v. Barnhart*, 234 F. Supp. 2d 832, 837 (N.D. Ill. 2002) ("The court may reverse the Commissioner's decision only if the evidence 'compels' reversal, not merely because the evidence supports a contrary decision.") (citing *Elias-Zacarias*).

Here, the plaintiff originally filed her administrative claim for benefits in March 2018. Thus, a relatively new regulatory framework governing the evaluation of medical opinion evidence applies to this case.[3]

"The new regulations have been described as a 'paradigm shift' in

---

[3] We note that counsel for the plaintiff has mistakenly premised her entire argument on this point—that the opinion of her treating physician were entitled to controlling weight, or at least great weight—on the old regulations, which no longer apply.

the way medical opinions are evaluated." *Knittle v. Kijakazi*, Civil No. 1:20-CV-00945, 2021 WL 5918706, at *4 (M.D. Pa. Dec. 15, 2021). "Prior to March 2017, ALJs were required to follow regulations which defined medical opinions narrowly and created a hierarchy of medical source opinions with treating sources at the apex of this hierarchy." *Densberger v. Saul*, Civil No. 1:20-CV-772, 2021 WL 1172982, at *7 (M.D. Pa. Mar. 29, 2021). Under this prior regulatory scheme, the Social Security Administration "followed the 'treating physician rule,' which required the agency to give controlling weight to a treating source's opinion, so long as it was 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and not 'inconsistent with the other substantial evidence' in the record." *Michelle K. v. Comm'r of Soc. Sec.*, 527 F. Supp. 3d 476, 481 (W.D. Pa. 2021). However, the regulations governing the evaluation of medical evidence were amended and the treating physician rule was eliminated effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (Jan. 18, 2017); *see also Densberger*, 202 WL 1172982, at *7–*8; *Michelle K.*, 527 F. Supp. 3d at 481. "The range of opinions that ALJs were enjoined to consider were broadened substantially and the approach to evaluating

opinions was changed from a hierarchical form of review to a more holistic analysis." *Densberger*, 2021 WL 1172982, at *7.

Under these new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(a). "Rather than assigning weight to medical opinions, [an ALJ] will articulate 'how persuasive' he or she finds the medical opinions." *Knittle*, 2021 WL 5918706, at *4; *see also* 20 C.F.R. § 404.1520. If a medical source provides one or more medical opinions, the agency will consider those medical opinions from that medical source together using the following factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that 'tend to support or contradict a medical opinion or prior administrative medical finding.'" *Michelle K.*, 527 F. Supp. 3d at 481; *see also* 20 C.F.R. § 404.1520c(a); *Densberger*, 2021 WL 1172982, at *8. Under the new regulations, "[t]he two 'most important factors for determining the

persuasiveness of medical opinions are consistency and supportability,'
which are the 'same factors' that formed the foundation of the treating
source rule." *Densberger*, 2021 WL 1172982, at *8; *see also* 20 C.F.R.
§ 404.1520c(b)(2); *Michelle K.*, 527 F. Supp. 3d at 481; *compare* 20 C.F.R.
§ 404.1520c(c)(1) (supportability), and *id.* § 404.1520c(c)(2) (consistency),
*with id.* § 404.1527(c)(3) (supportability), and *id.* § 404.1527(c)(4)
(consistency).[4] An ALJ is specifically required to address these two
factors in his or her decision. *See* 20 C.F.R. § 404.1520(c)(b)(2); *see also*
*Densberger*, 2021 1172982, at *8; *Michelle K.*, 527 F. Supp. 3d at 482.
"The ALJ may—but is not required to—explain how he considered the
remaining factors." *Michelle K.*, 527 F. Supp. 3d at 482; *see also* 20 C.F.R.
§ 404.1520c(b)(2); *Densberger*, 2021 WL 1172982, at *8. "However, when
the ALJ has found two or more medical opinions to be equally well

---

[4] With respect to supportability, the new regulations provide that
"[t]he more relevant the objective medical evidence and supporting
explanations presented by a medical source are to support his or her
medical opinion(s) or prior administrative medical finding(s), the more
persuasive the medical opinions or prior administrative medical
finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). With respect to
consistency, the new regulations provide that "[t]he more consistent a
medical opinion(s) or prior administrative medical finding(s) is with the
evidence from other medical sources and nonmedical sources in the claim,
the more persuasive the medical opinion(s) or prior administrative
medical finding(s) will be." *Id.* § 404.1520c(c)(2).

supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered [the remaining] factors . . . ." *Densberger*, 2021 WL 1172982, at *8; *see also* 20 C.F.R. § 404.1520c(b)(3); *Michelle K.*, 527 F. Supp. 3d at 482.

### 1. Prior Administrative Findings

The ALJ considered the prior administrative findings in this case, finding them to be "persuasive." These prior administrative findings included the opinions of a state agency psychological consultant, Soraya Amanullah, Ph.D., who had found the claimant had a moderate limitation in the paragraph B area of "concentrating, persisting, or maintain pace," but no limitations in the three remaining paragraph B areas, and that the claimant did not meet the "paragraph C" criteria. Dr. Amanullah further opined that despite her moderate limitations with sustained attention and concentration, which caused moderate limitations in her ability to carry out detailed instructions or to maintain attention and concentration for extended periods, the claimant could follow simple routine instructions and perform simple, routine, repetitive tasks.

The ALJ found these opinions by Dr. Amanullah persuasive as they

were consistent with and supported by the previously discussed evidence of record, including the mental status examination findings that, aside from the presentation for her five-day hospital stay for a suicide attempt after drinking heavily, consistently noted that claimant had intact recent and remote memory, intact attention and concentration, normal speech, normal motor behavior, an alert sensorium, a cooperative and pleasant demeanor with an open and friendly presentation, overall intact and good insight and judgment, and a normal fund of knowledge. (*See* Tr. 21-22).

The plaintiff appears to object to this evaluation of the state agency psychological consultant's findings and opinions based on the fact that the consultant did not actually examine Falandysz in person. But the medical opinion of a non-examining medical source, such as a state agency medical or psychological consultant, may serve as substantial evidence when the opinion is consistent with other medical evidence in the record. *See Nichols v. Comm'r of Soc. Sec.*, 404 Fed. App'x 701, 704–05 (3d Cir. 2010); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *My-Lein L. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 100, 107 (W.D.N.Y. 2021); *Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y.

2018).

Accordingly, we find the ALJ's evaluation of the prior administrative findings concerning the plaintiff's limitations, including the medical opinions of the state agency psychological consultant, Dr. Amanullah, is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### 2. *Opinions of Treating Therapist*

On August 20, 2019, therapist, Jeanie Pavlovich, Ph.D., MS., opined that claimant has "difficulty focusing and staying on task."

Upon review, the ALJ found that this opinion was "not persuasive" because:

> it is a conclusory statement that does not contain any functional limitations and is not consistent with or supported by the previously discussed evidence of record, including the mental status examinations noted by both Dr. Pavlovich and other providers of record, which noted that while the claimant had an intermittently depressed and/or anxious mood and affect, she consistently had cooperative and pleasant demeanor, normal thought content and processes aside from her five-day hospital stay, normal speech, normal motor behavior, normal attention and concentration, normal recent and remote memory, an alert sensorium, and orientation in three spheres.

(Tr. 22.) Thus, it is clear that the ALJ considered the pertinent factors in evaluating the persuasiveness of Dr. Pavlovich's opinion.

- 14 -

Accordingly, we find the ALJ's evaluation of the medical opinions of Dr. Pavlovich is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### 3. *Opinion of Treating Psychiatrist*

On March 27, 2018, Falandysz's treating psychiatrist, Ellen Brooks, M.D., wrote a letter to state agency officials summarizing the plaintiff's symptoms and treatment, and opinions: "I do not feel that she is capable of work at this time and feel long term disability is the best option until her condition improves." (Tr. 226). On January 8, 2020, Brooks wrote a second letter, again summarizing the plaintiff's symptoms and treatment. She noted findings that Falandysz had "difficulty concentrating" and "difficulty processing information because of her mood disorder." She opined: "I do not feel her condition will remit in the next few years and strongly advise she be granted Social Security Disability." (Tr. 362. The plaintiff contends that the ALJ erred in failing to afford these opinions by her treating psychiatrist controlling weight, and that doing so would compel a finding of "disabled" at step three of the five-step sequential evaluation process.

But under the new regulatory scheme for evaluating medical

opinions, the plaintiff's contention that these opinions by her treating psychiatrist are entitled to "controlling weight" — or even "great weight"—is clearly meritless because the treating physician rule upon which she relies had been eliminated before she filed her claim for benefits with the agency. Moreover, in reviewing the ALJ's decision and the administrative record, it is clear that the ALJ considered each of the pertinent factors in evaluating the persuasiveness of Dr. Brooke's opinions. Upon review, the ALJ found that these opinions were unpersuasive. In particular, the ALJ found that:

> these opinions are not persuasive because they are conclusory statements on an issue that is reserved for the Commissioner.   Moreover, these opinions do not contain any functional limitations and are not consistent with or supported by the previously discussed evidence of record, including the mental status examinations noted by both Dr. Brooks and other providers, which noted that while the claimant had an intermittently depressed and/or anxious mood and affect, she consistently had a cooperative and pleasant demeanor, normal thought content and processes aside from her five-day hospital stay, normal speech, normal motor behavior, normal attention and concentration, normal recent and remote memory, an alert sensorium, and orientation in three spheres.

(Tr. 22.)

The ALJ correctly determined that the treating psychiatrist's statements that Falandysz was incapable of working and that a disability

finding was appropriate are "inherently neither valuable nor persuasive" under the applicable regulations, which expressly and exclusively reserve to the Commissioner (or the ALJ as her designee) the ultimate issue of whether the claimant is disabled. *See* 20 C.F.R. § 404.1520b(c)(3); *see also Knittle*, 2021 WL 5918706, at *6. Moreover, as a statement on an issue reserved to the Commissioner, the ALJ was under no obligation to discuss these statements by Dr. Brooks at all under the new regulations, much less find them persuasive. *See* 20 C.F.R. § 404.1520b(c) ("Because the evidence listed in paragraph[] . . . (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled . . . , we will not provide any analysis about how we considered such evidence in our determination or decision. . . .").

Here, the ALJ properly considered the medical evidence of record and the relevant factors of supportability and consistency. He expressly articulated the basis of his evaluation and his findings with respect to the persuasiveness of these opinions as well.

Accordingly, we find the ALJ's evaluation of the opinions of treating psychiatrist Dr. Brooks is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### 4. Paragraph B Criteria

As noted above, the plaintiff contends that Dr. Brooks's opinions should have compelled a step-three determination that Falandysz's impairments met or medically equaled the severity of listed impairments 12.04 (depressive, bipolar, and related disorders) or 12.06 (anxiety and obsessive-compulsive disorders) because she satisfied the paragraph B criteria. Both listings include the same paragraph B criteria: extreme limitation in one area of mental functioning or marked limitation in two areas of mental functioning. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04(B), 12.06(B). *See generally* 20 C.F.R. § 404.1520a(c) (explaining functional limitation rating process for mental impairments).; 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E) (explaining the four areas of mental functioning); *id.* § 12.00(F) (explaining process for using paragraph B criteria to evaluate mental impairments). But while Dr. Brooks recorded many clinical observations to substantiate Falandysz's severe impairments of anxiety disorder and mood disorder, those observations are entirely consistent with Dr. Amanullah's initial findings and the ALJ's ultimate findings concerning the severity of Falandysz's impairments and her functional limitations. For example, we note that

Dr. Brooks recorded findings with respect to impairment of the plaintiff's cognitive function, but characterized it as "slowed" at worse. Generally, however, Dr. Brooks's regularly recorded findings that indicate "intact" insight, judgment, and cognition. Dr. Brooks never recorded any sustained or recurrent impairments that could be characterized as more than a *moderate* limitation. The plaintiff's suggestion that Dr. Brooks's opinions or treatment notes should *compel* a decision that she suffers extreme or marked limitations in any of the four areas of mental functioning is entirely unsupported.

Accordingly, we find the ALJ's consideration of the medical evidence from treating psychiatrist Dr. Brooks is supported by substantial evidence and was reached upon a correct application of the relevant law.

### C. Subjective Evidence of the Plaintiff's Symptoms

The plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his evaluation of Falandysz's symptoms, including her testimony of having good days and bad days with only thirty percent of her days being good ones, and the

other seventy percent being days where she could not even get out of bed.[5] *See generally* 20 C.F.R. §§ 404.1502(i) ("Symptoms means your own description of your physical or mental impairment."). Plaintiff contends that *no one* would employ someone who could only show up for thirty percent of their scheduled shift and thus she is unable to work any jobs that exist in the national economy in significant numbers.

Standing alone, a claimant's allegation of pain or other symptoms is not enough to establish an impairment or disability. 20 C.F.R. §§ 404.1529(a); *Prokopick v. Comm'r of Soc. Sec.*, 272 Fed. App'x 196, 199 (3d Cir. 2008) ("Under the regulations, an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain . . . ."). "An ALJ is permitted to reject a claimant's subjective testimony as long as he or she provides sufficient reasons for doing so." *Prokopick*, 272 Fed. App'x at 199 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).

When evaluating a claimant's subjective allegations of pain or other symptoms, an ALJ utilizes a two-step process. Soc. Sec. Ruling 16-3p,

---

[5] This is plaintiff's counsel's characterization of her testimony. (*See* Tr. 95). We note that the hearing transcript itself indicates that she testified that *75 percent* of her days were *good* days. (See Tr. 78).

2017 WL 5180304, at *2 (revised Oct. 25, 2017). First, the ALJ must determine whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *Id.*, at *3; *see also* 20 C.F.R. § 404.1529(b). A claimant cannot be found to be "disabled based on alleged symptoms alone." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *4.

Once the ALJ has found that a medically determinable impairment has been established, the ALJ must then evaluate the claimant's allegations about the intensity, persistence, or functionally limiting effects of his or her symptoms against the evidence of record. *Id.* This evaluation requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.*

Here, the plaintiff's suggestion that the ALJ simply "ignored" the non-medical statements and testimony she provided is simply unfounded. It is clear from the ALJ's decision that he considered not only medical evidence, but also the claimant's own statements about the

intensity, persistence, and limiting effects of symptoms, including her testimony at the administrative hearing and her self-reported activities of daily living. The ALJ expressly and *extensively* discussed both the medical and non-medical evidence in the record. (*See* Tr. 18-21). The ALJ considered this evidence together with the medical evidence, medical opinions, and prior administrative findings, in the record, which we have already discussed above. (Tr. 21-23). Based on all this evidence, the ALJ concluded that Falandysz's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 19.) Nevertheless, the ALJ expressly took Falandysz's subjective complaints about her symptoms into account in finding that her ability to work was subject to certain non-exertional limitations as set forth in the RFC determination. (Tr. 17-23).

Although Falandysz quibbles with the outcome of the ALJ's analysis of the evidence of record, it is clear that the ALJ properly evaluated the claimant's symptoms in accordance with the applicable regulations, and that the ALJ reasonably concluded that, notwithstanding the claimant's subjective complaints of pain and other

symptoms, the evidence as a whole did not support physical or mental limitations in excess of those set forth in the ALJ's RFC determination. While this same evidence might have also reasonably supported the adoption of substantially greater limitations, it did not compel such a finding.

Accordingly, we find the ALJ's evaluation of the plaintiff's symptoms is supported by substantial evidence and was reached based upon a correct application of the relevant law.

## III.   CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that Falandysz was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, the Commissioner's decision denying disability benefits is **AFFIRMED**.

An appropriate Order follows.

Dated: August 2, 2022

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

- 23 -